IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Johnny Hawkins,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Riley Pope and Laney, LLC; MP Morris Law Firm; Jayme L. Shy; Jason Hunter; Michael Morris; Greater Columbia Real Estate LLC; Wilmington Saving Fund Society FSB, in its capacity as Owner Trustee of Matawin Ventures Trust Series; Konadur Capital Corporations; One Main Financial; Marci Spires; Citi Mortgage; Terri Harris; Sonya Miller Bellamy; Valorie Woodward; Yolandia Brailsford; Judge Joseph Strickland; and Attorney Anthony Panico,<br><br>　　　　　　Defendants. | Case No.: 3:20-cv-4310-SAL<br><br>**OPINION AND ORDER** |

　　This matter is before the court for review of the January 12, 2021 Report and Recommendation of United States Magistrate Shiva V. Hodges (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 4.]

　　In the underlying action Plaintiff, proceeding *pro se*, asserts claims relating to the foreclosure of a property located in Columbia, South Carolina. *See* [ECF No. 1.] The Report finds this court lacks subject matter jurisdiction over Plaintiff's claims because he has failed to demonstrate complete diversity of citizenship under 28 U.S.C. § 1322 or federal question jurisdiction under 28 U.S.C. § 1331. *See* [ECF No. 4.] As a result, the Report recommends dismissal of Plaintiff's complaint without prejudice to him filing in a proper jurisdiction. *Id.*

1

Plaintiff filed an objection to the Report. [ECF No. 7.] Thus, this matter is ripe for ruling. For the reasons outlined below, the court adopts the Report in part in its entirety and dismisses this action for lack of subject matter jurisdiction.

## BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter. *See* [ECF No. 4.] This court incorporates those facts and standards without a recitation.[1]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 2017 WL 6345402, at *5 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from

---

[1] Plaintiff did not specifically object to the Magistrate Judge's recitation of the factual background or legal standards.

2

the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 U.S. Dist. LEXIS 175597, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 U.S. Dist. LEXIS 15489, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

In his objections, Plaintiff does not reference the Report but seems to argue that this court has federal question jurisdiction under 28 U.S.C. § 1331 because a "3rd party debt collector filed as a 'Foreign Agent' as noted by the 'notice of appearance.'" [ECF No. 7 at 1.] Out of an abundance of caution, the court construes this as Plaintiff's only objection to the Report. Plaintiff appears to suggest that there is federal jurisdiction over his claim because "the state court has no jurisdiction to hear a case filed by a foreign agent." [ECF No. 7 at 1.] However, if Plaintiff is attempting to invoke jurisdiction under the Foreign Agents Registration Act, 22 U.S.C. § 611 *et seq.*, this Act only pertains to foreign relations with other nations and agents of foreign countries, and Plaintiff has failed to demonstrate that the Act is applicable in the instant case. As such, Plaintiff has failed to demonstrate that his claim arises "under the Constitution, laws, or treaties of the United States," as required by § 1331.

Nor does Plaintiff point to a specific error in the Report's finding that he failed to invoke

federal question jurisdiction because he failed to specifically allege facts supporting a claim under the Racketeer Influenced and Corrupt Organizations Act, 8 U.S.C. §§ 1961–1968 ("RICO"). *See* [ECF No. 4 at 6–8.] In the absence of specific objections to the Report, this court reviews the Report for clear error, and having found none, adopts its recommendation of dismissal.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the Court finds no clear error, adopts the Report, ECF No. 4, and incorporates the Report by reference herein. As a result, this action is **DISMISSED** without prejudice for lack of jurisdiction. In light of this ruling, Plaintiffs' Motion to Take Judicial Notice, ECF No. 9, is terminated as **MOOT**.[2]

**IT IS SO ORDERED.**

December 15, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

---

[2] ECF Nos. 9 and 10 were filed on the same day. Upon review of ECF No. 10, the document appears to be a copy of the lawsuit Plaintiff attempted to file in state court, which he references and asks this court to take notice of in his Motion to take Judicial Notice, ECF No. 9. Therefore, the court construes ECF No. 10 as Exhibit A to Plaintiff's Motion to Take Judicial Notice, and the Clerk of Court is directed to refile ECF No. 10 accordingly.